# Exhibit A

Electronically FILED by Superior Court of California, County of Los Angeles on 07/02/2020 STCV25029 Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Beth Gunn, Catherine Coble          SBN: 218889, 223461 <br> GUNN COBLE LLP <br> 101 S. 1st Street, Suite 407, BURBANK, CA 91502 <br> TELEPHONE NO.:(818) 900-0695     FAX NO.:(818) 900-0723 <br> ATTORNEY FOR *(Name):* JANETTE BECKMAN | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: Janette Beckman, et al. v. American Airlines Group Inc., et al.

| CIVIL CASE COVER SHEET <br> [X] Unlimited    [ ] Limited <br> (Amount       (Amount <br> demanded      demanded is <br> exceeds $25,000)  $25,000 or less) | Complex Case Designation <br> [ ] Counter   [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | CASE NUMBER: <br> 20STCV25029 <br><br> JUDGE: <br><br> DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve             in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence        f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[X] monetary  b.[X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* 18
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 2, 2020

Catherine Coble
*(TYPE OR PRINT NAME)*                    ► _____
                                          *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]                 **CIVIL CASE COVER SHEET**          Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
Westlaw Doc & Form Builder™

Exhibit A - Page 12

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed.  You must complete items 1 through 6 on the sheet.  In item 1, you must check **one** box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.**  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit.  A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.**  In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

**Page 2 of 2**

| SHORT TITLE: Beckman, et al. v. American Airlines Group Inc, et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

> **Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

Exhibit A - Page 14

| SHORT TITLE: Beckman, et al. v. American Airlines Group Inc, et al. | CASE NUMBER |
|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☒ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

Exhibit A - Page 15

| SHORT TITLE: Beckman, et al. v. American Airlines Group Inc, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 3 of 4

Exhibit A - Page 16

| SHORT TITLE: Beckman, et al. v. American Airlines Group Inc, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☒ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 400 World Way |

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90045 |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: _July 2, 2020_

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

Exhibit A - Page 17

Electronically FILED by Superior Court of California, County of Los Angeles on 07/02/2020 11:46 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
20STCV25029
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Richard Fruin

1  BETH A. GUNN, CA Bar No. 218889
   beth@gunncoble.com
2  CATHERINE J. COBLE, CA Bar No. 223461
   cathy@gunncoble.com
3  GUNN COBLE LLP
   101 S. 1st Street, Suite 407
4  Burbank, CA 91502
   Telephone:     818.900.0695
5  Facsimile:      818.900.0723

6  Attorneys for Plaintiffs
   JANETTE BECKMAN and LEEANNE HANSEN
7

8              **SUPERIOR COURT FOR OF STATE OF CALIFORNIA**

9

10                    **FOR THE COUNTY OF LOS ANGELES**

11

12

| 13  JANETTE BECKMAN, an individual, and | Case No. 20STCV25029 |
|---|---|
| 14  LEEANNE HANSEN, an individual, | **COMPLAINT FOR DAMAGES** |
| 15                    Plaintiffs, | **1. SEXUAL BATTERY;** |
| 16                vs. | **2. BATTERY;** |
| 17  AMERICAN AIRLINES GROUP INC., a | **3. ASSAULT;** |
| 18  Delaware corporation, AMERICAN AIRLINES, INC., a Delaware corporation, | **4. HARASSMENT ON THE BASIS OF SEX/GENDER IN VIOLATION OF FEHA;** |
| 19  SIGSBEE "JOHN" NELSON, an individual, CAMERON BINION, an individual, TIM | **5. DISCRIMINATION ON THE BASIS OF SEX/GENDER IN VIOLATION OF FEHA;** |
| 20  MCCANN, an individual and DOES 1 through 50, inclusive, | |
| 21                    Defendants. | **6. DISCRIMINATION ON THE BASIS OF DISABILITY AND/OR MEDICAL CONDITION IN VIOLATION OF FEHA;** |
| 22 | |
| 23 | **7. HARASSMENT ON THE BASIS OF DISABILITY AND/OR MEDICAL CONDITION IN VIOLATION OF FEHA;** |
| 24 | |
| 25 | **8. FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA;** |
| 26 | |
| 27 | **9. FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA;** |
| 28 | |

1
COMPLAINT FOR DAMAGES

10. **RETALIATION FOR OPPOSING PRACTICES FORBIDDEN BY FEHA;**
11. **FAILURE TO PREVENT, INVESTIGATE, AND REMEDY HARASSMENT, DISCRIMINATION, AND/OR RETALIATION IN VIOLATION OF FEHA;**
12. **WHISTLEBLOWER RETALIATION IN VIOLATION OF LABOR CODE SECTION 1102.5;**
13. **WHISTLEBLOWER RETALIATION IN VIOLATION OF LABOR CODE SECTION 6310;**
14. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**
15. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;**
16. **NEGLIGENT RETENTION/SUPERVISION;**
17. **FAILURE TO REIMBURSE BUSINESS EXPENSES IN VIOLATION OF LABOR CODE SECTION 2802;**
18. **VIOLATION OF CIVIL CODE SECTION 51.7 (RALPH ACT).**

**DEMAND FOR JURY TRIAL.**

2
COMPLAINT FOR DAMAGES

Plaintiffs JANETTE BECKMAN ("BECKMAN") and LEEANNE HANSEN ("HANSEN") (hereinafter collectively referred to as "PLAINTIFFS") bring this action as individuals against AMERICAN AIRLINES GROUP INC. ("AAG"), a Delaware corporation, AMERICAN AIRLINES, INC. ("AA"), a Delaware corporation (AAG and AA are hereinafter referred to collectively as "AMERICAN" or "the COMPANY"), SIGSBEE "JOHN" NELSON ("NELSON"), an individual, CAMERON BINION ("BINION"), an individual, and TIM MCCANN ("MCCANN"), an individual. ] (the aforementioned defendants are referred to collectively as "DEFENDANTS").   PLAINTIFFS complain and allege as follows on the basis of personal knowledge and/or information and belief:

**INTRODUCTION**

1.      This case is a shocking example of a patriarchal playground where almost exclusively male "assets" known as pilots are allowed to roam free to assault flight attendants as they please while AMERICAN sits idly by, failing to properly train its workforce or otherwise restrain abusive misconduct towards the employees or the customers it is obligated to protect.   In this case, AMERICAN allowed a known sexual predator to drunkenly harass and physically assault lifelong flight attendants who had devoted their entire professional lives to providing excellent service for AMERICAN's customers.   Instead of protecting them or effectively addressing PLAINTIFFS' complaints about a compromised pilot who could be unknowingly risking AMERICAN's customers' lives while aboard an aircraft with a drunken pilot, AMERICAN chose to protect its "asset," and allow PLAINTIFFS to be retaliated against.   This cavalier attitude toward blatant sexual assault in the #MeToo era can only be explained by the hubris of the dysfunctional workplace culture of the airline industry, and AMERICAN in particular, which has willfully ignored rampant sexual assault in its midst for decades.

2.      Public awareness of these issues, through national news and magazine articles, has been prolific.   According to one source, "[w]omen constitute nearly 80% of U.S. flight attendants, and more than two-thirds of them have been sexually harassed during their careers, according to a

recent survey by the Assn. of Flight Attendants-CWA" [1]   At the same time, flight attendants are disincentivized from reporting such incidents, and "only 7% of flight attendances [*sic*] who have experienced abuse have reported it . . . ."[2]   As part of this culture of silence and hierarchical oppression, AMERICAN did not act to protect its flight attendants or the flying public, and instead retaliated against PLAINTIFFS when they were forced to speak up for themselves and blow the whistle on DEFENDANTS' illegal activities.   Unfortunately, PLAINITFFS' worst fears were realized when they suffered extensive retaliation for having the courage to report pilot sexual misconduct and demand that action be taken.   This lawsuit seeks to hold all DEFENDANTS accountable for their roles in perpetrating, and enabling the harassment and intimidation of PLAINTIFFS.

## JURISDICTION AND VENUE

3.      The Superior Court of the State of California has jurisdiction over this action pursuant to California Constitution Article VI, section 10, which grants the Superior Court "original jurisdiction in all cases except those given by statute to other trial courts."

4.      The Superior Court of the State of California has jurisdiction over this matter. PLAINTIFFS are residents and citizens of, and are domiciled in, the State of California. Moreover, upon information and belief, at least one Defendant is a citizen of California, the alleged harassing, discriminatory, and retaliatory acts  occurred in California, significant relief is being sought against DEFENDANTS whose violations of California employment laws form a significant basis for PLAINTIFFS' claims.  Further, no federal question is at issue because the claims are based solely on California law and at least one Defendant is a resident of, and/or regularly conducts business in the State of California.

---

[1] Elliot Hester, *Passengers Aren't the Only Ones who Suffer Sexual Abuse – So Do Flight Attendants,* Los Angeles Times, May 13, 2019, available at: https://www.latimes.com/travel/la-tr-travel-fly-guy-sexual-harassment-flight-attendants-20190506-story.html.

[2] Hugo Martín, *Flight Attendants Say Airlines Have Failed to Address Sexual Harassment in the Skies,* Los Angeles Times, May 12, 2018, available at: https://www.latimes.com/business/la-fi-travel-briefcase1-flight-attendant-harassment-20180512-story.html.

5.      Venue is proper in this judicial district and the County of Los Angeles, California because PLAINTIFF performed work for DEFENDANTS in the County of Los Angeles, and many of DEFENDANTS' illegal acts, which are the subject of this action, occurred in the County of Los Angeles.   Thus, a substantial portion of the transactions and occurrences related to this action occurred in this county.  Cal. Civ. Proc. Code § 395.

6.      Prior to filing this action, PLAINTIFFS timely exhausted their administrative remedies, each by filing an administrative complaint with the Department of Fair Employment and Housing ("DFEH") and receiving a DFEH right to sue letter on April 29, 2020.

7.      The doctrines of equitable tolling and continuing violations apply to PLAINTIFFS' claims herein.  *See Richards v. CH2M Hill, Inc.*, 26 Cal.4th 798 (2001); *McDonald v. Antelope Valley Community College Dist.*, 45 Cal.4th 88 (2008).

## **PARTIES**

8.      PLAINTIFFS are individuals who are, and at all times herein mentioned were, residents of California.

9.      AAG is, and at all times mentioned in this Complaint was, an entity incorporated in Delaware, headquartered in Texas, and conducting business in California.  At all relevant times herein, AAG has employed PLAINTIFFS within the meaning of California Government Code section 12926(d) and the Labor Code.

10.     AA is, and at all times mentioned in this Complaint was, an entity incorporated in Delaware, headquartered in Texas, and conducting business in California.  At all relevant times herein, AA has employed PLAINTIFFS within the meaning of California Government Code section 12926(d) and the Labor Code.

11.     PLAINTIFFS are informed and believe, and based thereon allege, that each Defendant acted in all respects pertinent to this action as the agent of the other DEFENDANTS, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other DEFENDANTS.

12.     PLAINTIFFS are informed and believe, and thereon allege, that AAG and AA each has employed PLAINTIFF, in that they exercised control over PLAINTIFF'S wages, hours or

working conditions, suffered and permitted PLAINTIFF to work, and/or engaged PLAINTIFF to work. *See Martinez v. Combs*, 49 Cal.4th 35, 64 (2010). Any of the three is sufficient to create an employment relationship.

13. To the extent one or more of DEFENDANTS did not directly hire, fire, or supervise PLAINTIFFS, PLAINTIFFS further allege that, upon information and belief, one or more DEFENDANTS control the business enterprises of one or more of the other DEFENDANTS, thereby creating an employment relationship with PLAINTIFF. *See Castaneda v. Ensign Group, Inc.*, 229 Cal.App.4th 1015, 1017-1018 (2014); *Guerrero v. Superior Court*, 213 Cal.App.4th 912, 950 (2013).

14. PLAINTIFFS are informed and believe that at all times relevant herein, NELSON was employed by AMERICAN as a pilot, under the title of First Officer, whose home base was Los Angeles, California.

15. PLAINTIFFS are informed and believe that at all times relevant herein, BINION was employed by AMERICAN as a Flight Service Manager who worked in Los Angeles, California.

16. PLAINTIFFS are informed and believe that at all times relevant herein, MCCANN was employed by AMERICAN as a Flight Service Director who worked in Los Angeles, California.

17. The true names and capacities of DOES 1 through 50, inclusive ("DOES"), are unknown to PLAINTIFFS at this time, and PLAINTIFFS therefore sue such DOE Defendants under fictitious names. PLAINTIFFS are informed and believe, and thereon allege, that each Defendant designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and that PLAINTIFFS' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE Defendants. PLAINTIFFS will seek leave of the court to amend this complaint to allege the true names and capacities of such DOE Defendants when ascertained.

18. PLAINTIFFS are informed and believe, and thereon allege, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of, each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

19.     PLAINTIFFS are informed and believe, and based thereon allege, that each DEFENDANT acted in all respects pertinent to this action as the agent of the other DEFENDANTS, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each DEFENDANT are legally attributable to the other DEFENDANTS.

20.     As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFFS have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

### **FACTS COMMON TO ALL CAUSES OF ACTION**

#### *Overview of PLAINTIFFS' Employment*

21.     PLAINTIFFS have been employed by AMERICAN as flight attendants for over 40 years, each.  Both over the age of 60, PLAINTIFFS should be continuing to perform excellently in jobs to which they have dedicated their lives.  Instead, they find themselves disgraced among their peers and isolated from the company to which they have devoted the past four-plus decades, just because they had the courage to stand up to a pilot who sexually assaulted and harassed them in the workplace—joining an exceptionally small group of flight attendants who have done so.

#### *PLAINTIFFS' Protected Status*

22.     PLAINTIFFS, females, were sexually harassed during their employment with the COMPANY.  Consequently, PLAINTIFFS are protected employees, as defined under the California Fair Employment and Housing Act ("FEHA").  *See* Cal. Gov't Code § 12940, *et seq*.  Additionally, PLAINTIFFS engaged in protected activity when they opposed harassment and other unlawful activity at the COMPANY.  Thus, PLAINTIFFS are also protected employees under the California Labor Code ("Labor Code").  *See* Cal. Lab. Code §§ 1102.5, 6310.  Following their illegal treatment by DEFENDANTS, PLAINTIFFS each took a medical leave of absence to address their psychological and physical injuries arising from their mistreatment, and as such a protected employees with a disability pursuant to the FEHA.

#### *PLAINTIFFS Were Sexually Assaulted, Battered, and Harassed by NELSON.*

23.     PLAINTIFFS were working as flight attendants on a flight leaving from their home base of Los Angeles, California When NELSON, in search of alcohol, walked to the aft galley of the

COMPLAINT FOR DAMAGES

plane, knowing there was a supply.  NELSON asked for alcohol from BECKMAN, who, concerned about the safety of hundreds of passengers and her fellow crew members, denied NELSON's request.

24.    Dissatisfied with BECKMAN's refusal to enable his on-duty drinking and flying, NELSON began sexually harassing her.  He stated, unprovoked, "I know you like S&M (sadomasochism) and I know you like to be tied up."  BECKMAN made it clear NELSON's conduct was unwelcome.

25.    HANSEN, who had overheard the exchange, sat next to BECKMAN.  NELSON then turned his unwelcome advances toward HANSEN and, seeing lanyards in HANSEN's bag, stated, "Oh, you're into ropes?  Do you wanna come to my room and tie me up?"  HANSEN immediately objected to NELSON's comment.  Unrelenting, NELSON then said, "Oh, you're one of *those*.  You want me to tie *you* up?"

26.    Later, apparently dissatisfied with the cold response he had received from PLAINTIFFS, NELSON, startling HANSEN from behind, grabbed HANSEN by her hips, dug his nails into her hip bones, and repeatedly and violently thrust his penis into HANSEN's buttocks. NELSON's actions, which BECKMAN and other personnel witnessed, were completely unwelcome. These acts occurred while PLAINTIFFS and NELSON were in uniform and on duty.

27.    PLAINTIFFS promptly reported the harassment, assault, and battery NELSON inflicted upon them to Captain Sipovac, the pilot in charge of the flight.  PLAINTIFFS also expressed concern over NELSON's potential drinking of alcohol during the flight, jeopardizing the safety of passengers and the flight crew.  Far from surprised, Captain Sipovac shared that, in the cockpit, NELSON boasted of his sexual conquests with underage prostitutes—in reality, child sex slaves— and visits to strip clubs during layovers, even showing pictures he kept as mementos.  In addition, it was common knowledge to those who had flown with NELSON that he drank alcohol to excess on the job.  On one trip, he imbibed so much while in uniform on the flight crew's shuttle that he drunkenly fell down and split his pants open.

28.    Instead of taking prompt remedial action in response to the reported harassment, assault, and battery, as required by law, Captain Sipovac deferred to PLAINTIFFS, asking them what they wanted him to do.  It was apparent the COMPANY failed its employees by not equipping them

with proper training on how to address reported harassment, assault, and battery that occurred in the workplace.  In fact, horrifyingly, NELSON was allowed to work the return leg on the same flight as PLAINTIFFS.   After the flight landed, NELSON referred unapologetically to his harassment, making it clear that he intended to continue his harassing behavior.

29.    As a result of NELSON's harassment, assault, and battery, HANSEN was forced to take stress leave.  BECKMAN attempted to continue working until she was forced to fly with NELSON just a week later, which she only did because Captain Sipovac said he would look out for her.  Despite Sipovac's presence, NELSON seized another opportunity to harass BECKMAN, by approaching her from behind, getting too close to her, and whispering in her ear.  NELSON also again entered the galley after the passengers had deplaned, when he should not have been there, apparently rummaging in the bar cart for alcohol.  Feeling like the COMPANY would not protect her, BECKMAN also went on stress leave.

***PLAINTIFFS Reported NELSON's Sexual Assault, Battery, and Harassment, and Were Retaliated Against for Doing So.***

30.    After the return leg of PLAINTIFFS' joint flight with NELSON, Sipovac recommended that PLAINTIFFS contact the Allied Pilots Association's Professional Standards for Pilots ("PSP") to report NELSON's misconduct, when he should have immediately contacted the COMPANY's Human Resources department—another indication of the COMPANY's failure to train properly on handling reported harassment, assault, and battery.   Unsurprisingly, when PLAINTIFFS lodged a complaint with PSP, PSP excused NELSON's misconduct—including jeopardizing the safety of hundreds of passengers while potentially flying inebriated—because NELSON was a mere two years away from retirement.

31.    PLAINTIFFS then each filed a formal complaint with the COMPANY's Human Resources department, detailing NELSON's gross sexual harassment, assault, and battery, suspected drinking of alcohol on-the-job, and the events that followed.  Shortly thereafter, the COMPANY and MCCANN offered PLAINTIFFS a "PW, Withheld from Service, Paid," meaning paid time off until the COMPANY completed its investigation.  Acting outside the usual bounds of the employment relationship,   instead   of   following   COMPANY   policy,   MCCANN   contributed   PLAINTIFFS'

harassment by retracting the guaranteed paid leave just days later, leaving PLAINTIFFS on indefinite unpaid leaves of absence pending the COMPANY's investigation, which he knew would last several months.

32.     As further evidence of the COMPANY's harassing and retaliatory intent, the COMPANY granted NELSON, who had been placed on leave pending investigation, the same "PW, Withheld from Service, Paid" status that MCCANN had denied PLAINTIFFS.  Thus, NELSON was rewarded, while his victims, PLAINTIFFS, were harassed and punished for speaking out against NELSON's harassment, assault, battery, and potential endangerment of passengers and flight crew members.

***PLAINTIFFS Remained On Unpaid Leave for Months During its Purported Investigation, Permitting Rumors to Spread and Causing Them Significant Distress and Economic Loss***

33.     The COMPANY purported to investigate NELSON's conduct.  During the course of that alleged investigation, the COMPANY's Human Resources representative met in person with PLAINTIFFS.  During PLAINTIFFS' respective meetings, the representative required PLAINTIFFS to reenact NELSON's sexual battery, even though it was obviously emotionally traumatizing to PLAINTIFFS for them to do so.  Due to the Human Resources representative's desire to catch a flight, she cut short BECKMAN's interview without obtaining all of the pertinent facts surrounding her experience.

34.     In violation of California law and public policy, the COMPANY's Human Resources representative told PLAINTIFFS that they could not discuss their complaints, or any details associated with it, with anyone else while the investigation was pending.

35.     The COMPANY did not pay PLAINTIFFS for their time meeting (or waiting to meet) with the Human Resources representative.  Nor did the COMPANY reimburse PLAINTIFFS for the costs to park for hours, to meet at the COMPANY's offices at Los Angeles International Airport, at the COMPANY's request.

36.     For almost half a year, the COMPANY did not apprise PLAINTIFFS of any additional steps taken to investigate their complaints, or any corrective action taken.  This prolonged silence, combined with the COMPANY's illegal mandate of silence from PLAINTIFFS, knowingly

allowed rumors to fester regarding PLAINTIFFS, including allegations that they had wrongfully caused NELSON's termination from the COMPANY, and that they not victims but were opportunists pursuing the matter just to game the system.  The COMPANY took no steps to quash those harassing rumors, intended to make it impossible for PLAINTIFFS to return to work.

37.     During this time frame, PLAINTIFFS became aware that at least one pilot, who was known for carrying a gun in the cockpit while on duty, was seeking revenge on behalf of NELSON. The pilot approached PLAINTIFFS' fellow flight attendants, with PLAINTIFFS' name and employee identification number written on a piece of paper he kept in his pocket, and asked if the flight attendants knew PLAINTIFFS.  His manner was menacing, and caused PLAINTIFFS to fear for their safety if they were to return to work.

38.     Approximately six months after PLAINTIFFS initiated their formal complaint, the COMPANY mailed PLAINTIFFS a letter that stated simply that "the matter ha[d] been closed; and appropriate action ha[d] been taken."   At no point did (or has) the COMPANY contacted PLAINTIFFS to determine how the COMPANY could accommodate them, including how the COMPANY could return them to work without further retaliation.

39.     In fact, instead of accommodating PLAINTIFFS' disabilities or engaging in an interactive process to return them to work, the COMPANY has harassed, discriminated against, and retaliated against PLAINTIFFS.  Among other things, the COMPANY schedules PLAINTIFFS for work trainings and trips, and then, when they do not show up because they are on known doctor-prescribed medical leave, the COMPANY angrily calls and messages PLAINTIFFS, exacerbating their symptoms.  Even after PLAINTIFFS complained of such conduct, the COMPANY has responded by issuing write-ups for failing to report for work, issuing disciplinary points that, if accrued to a certain level, will result in termination of employment.

40.     The COMPANY and BINION also interfered with PLAINTIFFS' medical benefits, arranging them to be cut off as a means of further harassing PLAINTIFFS, even though they knew PLAINTIFFS desperately needed their health benefits.  This additional harassment resulted in exacerbated medical conditions for both PLAINTIFFS, including medical problems that were life-threatening.

41.     The foregoing has caused PLAINTIFFS additional emotional distress during a period when they are still trying to recover from the harassment, assault, battery, and other retaliation they already experienced.

42.     Meanwhile, the COMPANY gave NELSON, the harasser, assaulter, and batterer, vastly superior treatment.  Not only did he receive paid leave pending the COMPANY's purported investigation, but it is likely that the COMPANY also gave him substantial economic benefit when he ultimately departed the COMPANY.

43.     In acts of further harassment and retaliation, BINION and the COMPANY sent BECKMAN a disciplinary letter for failing to appear at work when she was on a known medical leave of absence.  The letter threatened to terminate her if she missed more work.  The COMPANY followed up with harassing voice mail messages.  Even after BECKMAN provided proof of her doctor-approved leave, the COMPANY and BINION refused to remove the false records from her personnel file and continued to threaten her to come to work.

44.     As a consequence of DEFENDANTS' conduct, PLAINTIFFS have had to employ attorneys to prosecute this action, and have therefore incurred costs and attorneys' fees necessary to pursue this action.

## FIRST CAUSE OF ACTION

### Sexual Battery

### (By HANSEN Against NELSON, AMERICAN, and DOES)

45.     PLAINTIFFS incorporate by reference and reallege as if fully stated herein each and every allegation set forth above.

46.     California Civil Code section 1708.5 states that a person commits a sexual battery if he "[a]cts with the intent to cause a harmful or offensive contact with an intimate part of another, and a sexually offensive contact with that person directly or indirectly results," or if he "[a]cts to cause an imminent apprehension of" such conduct, "and a sexually offensive contact with that person directly or indirectly results."  *See* Cal. Civ. Code § 1708.5.

47.     As alleged above, NELSON acted with substantial certainty that he would touch an intimate part of HANSEN, by grabbing HANSEN's hips and violently thrusting his penis into her

buttocks multiple times.  NELSON's actions directly caused harmful and sexually offensive contact with an intimate part of HANSEN, and/or an imminent apprehension of harmful and sexually offensive contact with an intimate part of HANSEN.

48.     HANSEN did not consent to the touching.

49.     HANSEN was harmed and/or offended by NELSON's conduct.

50.     As a proximate result of NELSON's intentional sexually offensive touching of HANSEN, and HANSEN's apprehension of such touching, HANSEN has sustained and continues to sustain substantial losses of earnings and other employment benefits, and physical and mental pain and anguish, all to her damage in a sum according to proof.

51.     As alleged herein, NELSON's conduct occurred during the course and scope of HANSEN's employment with the COMPANY, and/or, on information and belief, was later ratified by the COMPANY and DOES.  The COMPANY and DOES therefore are liable for NELSON's conduct, directly and/or under the doctrine of *respondeat superior*.

52.     NELSON, and by extension, the COMPANY and DOES, committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring HANSEN, from an improper motive amounting to malice, and in conscious disregard of the rights of HANSEN.  HANSEN is thus entitled to punitive damages from NELSON, the COMPANY and DOES in an amount according to proof.

## <u>SECOND CAUSE OF ACTION</u>

### Battery

### (By HANSEN Against  NELSON, AMERICAN, and DOES)

53.     PLAINTIFFS incorporate by reference and reallege as if fully stated herein each and every allegation set forth above.

54.     As alleged above, NELSON touched HANSEN without her consent with the intent to harm and/or offend her.  Such touching occurred during the course and scope of HANSEN's employment with the COMPANY, and/or, on information and belief, was later ratified by the COMPANY and DOES.  The COMPANY and DOES therefore are liable for HANSEN's conduct, directly and/or under the doctrine of *respondeat superior*.

55.     HANSEN, as any reasonable person in her situation would have been, was harmed and/or offended by NELSON's touching.

56.     As a proximate result of NELSON's intentional touching of HANSEN, HANSEN has sustained and continues to sustain substantial losses of earnings and other employment benefits, and physical and mental pain and anguish, all to her damage in a sum according to proof.

57.     NELSON, and by extension, the COMPANY and DOES, committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring HANSEN, from an improper motive amounting to malice, and in conscious disregard of the rights of HANSEN.  HANSEN is thus entitled to punitive damages from NELSON, the COMPANY and DOES in an amount according to proof.

## THIRD CAUSE OF ACTION

### Assault

### (By HANSEN Against NELSON, AMERICAN, and DOES)

58.     PLAINTIFFS incorporate by reference and reallege as if fully stated herein each and every allegation set forth above.

59.     As alleged above, NELSON attempted to touch HANSEN without her consent with the intent to cause harmful and/or offensive contact, and HANSEN reasonably believed that she was about to be touched in a harmful and/or offensive manner.  Such conduct occurred within the course and scope of HANSEN's employment with the COMPANY, and/or, on information and belief, was later ratified by the COMPANY and DOES.  Accordingly, the COMPANY and DOES are liable for HANSEN's conduct, directly and/or under the doctrine of *respondeat superior*.

60.     NELSON's conduct was a substantial factor in causing HANSEN harm and/or offense.

61.     As a proximate result of NELSON's assault of HANSEN, HANSEN has sustained and continues to sustain substantial losses of earnings and other employment benefits, and has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

62.     NELSON, and by extension, the COMPANY and DOES, committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring HANSEN, from an improper motive amounting to malice, and in conscious disregard of the rights of HANSEN.  HANSEN is thus entitled to punitive damages from NELSON, the COMPANY and DOES in an amount according to proof.

**<u>FOURTH CAUSE OF ACTION</u>**

**Harassment on the Basis of Sex/Gender**

**Violation of FEHA, Cal. Gov't Code Section 12940(j)**

**(By PLAINTIFFS Against NELSON, MCCANN, AMERICAN and DOES)**

63.     PLAINTIFFS incorporate by reference and reallege as if fully stated herein each and every allegation set forth above.

64.     The FEHA provides that it shall be unlawful for an employer or for any person to harass an employee because of a person's sex and/or gender.  *See* Cal. Gov't Code § 12940(j).

65.     At all times herein mentioned, the FEHA was in full force and effect and was binding on NELSON and the COMPANY.  This statute requires NELSON, MCCANN, AMERICAN and DOES to refrain from harassing any employee on the basis of sex and/or gender, among other things.

66.     As alleged above, during PLAINTIFFS' employment with the COMPANY, NELSON and MCCANN intentionally engaged in harassment, including creating a hostile work environment, on the basis of PLAINTIFFS' sex and/or gender, in violation of California law.  The COMPANY and DOES knew and/or should have known about the harassment in violation of the FEHA that was directed toward PLAINTIFF.

67.     A reasonable person subjected to NELSON's and MCCANN's harassing conduct would find, as PLAINTIFFS did, that the unwanted harassment so altered PLAINTIFFS' working conditions as to make it more difficult to do her job.  *See* Cal. Gov't Code § 12923(a).

68.     As a proximate result of NELSON, MCCANN, AMERICAN and DOES' harassment of PLAINTIFFS, PLAINTIFFS have sustained and continue to sustain substantial losses of earnings and other employment benefits, and have suffered and continue to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to their damage in a sum according to proof.

69.     PLAINTIFFS have incurred and continue to incur legal expenses and attorneys' fees. Pursuant to California Government Code section 12965(b), PLAINTIFFS are entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

70.     NELSON, MCCANN, AMERICAN and DOES committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFFS, from an improper motive amounting to malice, and in conscious disregard of the rights of PLAINTIFFS.   PLAINTIFFS are thus entitled to punitive damages from NELSON, MCCANN, AMERICAN and DOES in an amount according to proof.

**FIFTH CAUSE OF ACTION**

**Discrimination on the Basis of Sex/Gender**

**Violation of FEHA, Cal. Gov't Code § 12940(a)**

**(By PLAINTIFFS Against the COMPANY and DOES)**

71.     PLAINTIFFS incorporate by reference and reallege as if fully stated herein each and every allegation set forth above.

72.     California's Fair Employment and Housing Act (the "FEHA") provides that "the opportunity to seek, obtain, and hold employment without discrimination because of … race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, … marital status, sex, gender, gender identity… age, … is hereby recognized as and declared to be a civil right."  Cal. Gov't Code §§ 12921(a), 12940(a).

73.     The purpose of the FEHA is to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on the account of, *inter alia*, a person's sex or gender.   The FEHA recognizes that the practice of denying employment opportunities and discriminating in terms of employment substantially and adversely affects the interest of employees, employers, and the public in general.  *See* Cal. Gov't Code § 12920.

74.     The FEHA makes it an unlawful employment practice for an employer to discriminate against an employee "in terms, conditions, or privileges of employment" on the basis of the employee's sex or gender.  Cal. Gov't Code § 12940(a).

75.     As alleged above, PLAINTIFFS' sex and/or gender were motivating factors in THE unlawful treatment described herein. As a proximate result of the COMPANY's willful, knowing, and intentional discrimination against PLAINTIFFS, PLAINTIFFS have sustained and continue to sustain substantial losses of earnings and other employment benefits, and have suffered and continue to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to their damage in a sum according to proof.

76.     PLAINTIFFS have incurred and continue to incur legal expenses and attorneys' fees. Pursuant to California Government Code section 12965(b), PLAINTIFFS are entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

77.     The COMPANY and DOES committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFFS, from an improper and evil motive amounting to malice, and in conscious disregard of PLAINTIFFS' rights. PLAINTIFFS are thus entitled to punitive damages from the COMPANY and DOES in an amount according to proof.

**SIXTH CAUSE OF ACTION**

**Discrimination on the Basis of Disability and/or Medical Condition**

**Violation of FEHA, Cal. Gov't Code § 12940(a)**

**(By PLAINTIFFS Against AMERICAN and DOES)**

78.     PLAINTIFFS incorporate by reference and reallege as if fully stated herein each and every allegation set forth above.

79.     The FEHA provides that "the opportunity to seek, obtain, and hold employment without discrimination because of … disabilities . . . is hereby recognized as and declared to be a civil right."  Cal. Gov't Code § 12921(a).

80.     The FEHA makes it an unlawful employment practice for an employer to discriminate against an employee "in terms, conditions, or privileges of employment" on the basis of the employee's disability and/or medical condition. Cal. Gov't Code § 12940(a).  Under California law, disability includes not only a current disability, but also being perceived or regarded by the employer as having or having had a condition that currently has no disabling effect but *may become* an

17

COMPLAINT FOR DAMAGES

impairment limiting the individual's ability to participate in major life activities in the future (including working).  *See* Cal. Gov't Code § 12926(j); 2 Cal. Code. Regs. § 11065(d).

81.     As alleged above, PLAINTIFFS' disability and/or medical condition were motivating factors in the COMPANY and DOES' actions taken against PLAINTIFFS.

82.     As a proximate result of the COMPANY and DOES' willful, knowing, and intentional discrimination against PLAINTIFFS, PLAINTIFFS have sustained and continue to sustain substantial losses of earnings and other employment benefits, and have suffered and continue to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to their damage in a sum according to proof.

83.     PLAINTIFFS have incurred and continue to incur legal expenses and attorneys' fees. Pursuant to California Government Code section 12965(b), PLAINTIFFS are entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

84.     The COMPANY and DOES committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFFS, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of PLAINTIFFS.  PLAINTIFFS are thus entitled to punitive damages from the COMPANY and DOES in an amount according to proof.

## SEVENTH CAUSE OF ACTION

### Harassment on the Basis of Disability and/or Medical Condition

### Violation of FEHA, Cal. Gov't Code Section 12940(j)

### (By PLAINTIFFS Against BINION, MCCANN, AMERICAN and DOES)

85.     PLAINTIFFS incorporate by reference and reallege as if fully stated herein each and every allegation set forth above.

86.     The FEHA provides that it shall be unlawful for an employer or for any person to harass an employee because of a person's disability and/or medical condition.  *See* Cal. Gov't Code § 12940(j).

87.     As alleged above, BINION, and MCCANN, AMERICAN and DOES have harassed PLAINTIFFS because of their disability and/or medical condition.

88.     Such harassing conduct has been carried out by PLAINTIFFS' supervisors, and/or by employees whom the COMPANY and DOES know and/or should know are engaging in such conduct in violation of the FEHA.

89.     A reasonable person subjected to the harassing conduct would find, as PLAINTIFFS have, that the unwanted harassment so alters PLAINTIFFS' working conditions as to make it more difficult to do their jobs.  *See* Cal. Gov't Code § 12923(a).

90.     As a proximate result of the  BINION, and MCCANN, AMERICAN and DOES' harassment of PLAINTIFFS, PLAINTIFFS have sustained and continue to sustain substantial losses of earnings and other employment benefits, and have suffered and continue to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to their damage in a sum according to proof.

91.     PLAINTIFFS have incurred and continue to incur legal expenses and attorneys' fees. Pursuant to California Government Code section 12965(b), PLAINTIFFS are entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

92.     BINION, and MCCANN, AMERICAN and DOES have committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFFS, from an improper motive amounting to malice, and in conscious disregard of the rights of PLAINTIFFS.  PLAINTIFFS are thus entitled to punitive damages from t BINION, and MCCANN, AMERICAN and DOES in an amount according to proof.

### EIGHTH CAUSE OF ACTION

**Failure to Accommodate Disability and/or Medical Condition**

**Violation of FEHA, Cal. Gov't Code § 12940(m)**

**(By PLAINTIFFS Against AMERICAN and DOES)**

93.     PLAINTIFFS incorporate by reference and reallege as if fully stated herein each and every allegation set forth above.

94.     It is unlawful under the FEHA for an employer to fail to make reasonable accommodation for the known physical disability and/or medical condition of an employee.

95.     Under the FEHA, employers who are aware that their employee has a disability and/or

medical condition have an affirmative duty to make reasonable accommodations for such disability and/or medical condition.  The duty arises even if the employee has not requested reasonable accommodation.  *See* Cal. Gov't Code § 12940(m).

96.    PLAINTIFFS are able to perform the essential job duties of their positions with reasonable accommodation for their disability and/or medical condition.  At all times during PLAINTIFFS' employment with the COMPANY, PLAINTIFFS have been qualified to do their jobs.

97.    As alleged above, DEFENDANTS did not reasonably accommodate PLAINTIFFS.

98.    As a proximate result of the COMPANY and DOES' willful, knowing, and intentional conduct, as alleged above, PLAINTIFFS have sustained and continue to sustain substantial losses of earnings and employment benefits, and have suffered and continue to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to their damage in a sum according to proof.

99.    PLAINTIFFS have incurred and continue to incur legal expenses and attorneys' fees. Pursuant to California Government Code section 12965(b), PLAINTIFFS are entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof).

100.    The COMPANY and DOES committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFFS, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of PLAINTIFFS.  PLAINTIFFS are thus entitled to punitive damages from the COMPANY and DOES in an amount according to proof.

## NINTH CAUSE OF ACTION

**Failure to Engage in the Interactive Process**

**to Accommodate Disability and/or Medical Condition**

**Violation of FEHA, Cal. Gov't Code § 12940(n)**

**(By PLAINTIFFS Against the COMPANY and DOES)**

101.    PLAINTIFF incorporates by reference and realleges as if fully stated herein each and every allegation set forth above.

102.    It is unlawful under the FEHA for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations for an employee with a known physical or mental disability or known medical condition. *See* Cal. Gov't Code § 12940(n).

103.    Under the FEHA, employers who are aware that an employee has a disability and/or medical condition have an affirmative duty to engage in the interactive process to identify and provide reasonable accommodations for such disability and/or medical condition. The duty arises even if the employee has not requested reasonable accommodation.

104.    The FEHA requires a timely, good faith, interactive process between an employer and an employee with a known physical or mental disability and/or medical condition which includes the exchange of essential information "without delay or obstruction of the process." *See* 2 Cal. Code Regs. § 11069(a).

105.    As part of a timely, good-faith interactive process, an employer "shall analyze the particular job involved and the essential functions of the job." *See* 2 Cal. Code Regs. § 11069(c)(5). An employer "shall identify potential accommodations and assess the effectiveness each would have in enabling the applicant to have an equal opportunity to … perform the essential function of the position held." *See* 2 Cal. Code Regs. § 11069(c)(7). An employer "shall either grant the applicant or employee's requested accommodation, or reject it after due consideration, and initiate discussion with the applicant or employee regarding alternative accommodations." 2 Cal. Code Regs. § 11069(c)(1).

106.    PLAINTIFF was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that she would be able to perform the essential functions of her job.

107.    As alleged above, the COMPANY and DOES did not initiate or participate in a timely, good-faith interactive process with the goal of providing reasonable accommodations.

108.    As a proximate result of the COMPANY and DOES' willful, knowing, and intentional conduct, as alleged above, PLAINTIFF has sustained and continues to sustain substantial losses of earnings and employment benefits, and has suffered and continues to suffer humiliation,

emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

109.    PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to California Government Code section 12965(b), PLAINTIFF is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof).

110.    The COMPANY and DOES committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFF, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of PLAINTIFF.  PLAINTIFF is thus entitled to punitive damages from the COMPANY and DOES in an amount according to proof.

**TENTH CAUSE OF ACTION**

**Retaliation for Opposing Practices Forbidden by FEHA**

**Violation of FEHA, Cal. Gov't Code § 12940(h)**

**(By PLAINTIFFS Against the COMPANY and DOES)**

111.    PLAINTIFFS incorporate by reference and reallege as if fully stated herein each and every allegation set forth above.

112.    At all times herein mentioned, the FEHA required the COMPANY and DOES to refrain from retaliating against any employee for opposing practices forbidden by the FEHA or who asserts rights under the FEHA, including complaining of harassment, discrimination and retaliation on the basis of sex and/or gender, among other things.  Cal. Gov't Code § 12940(h).

113.    As alleged herein, during PLAINTIFFS' employment with the COMPANY, PLAINTIFFS were subjected to unlawful harassment, discrimination and retaliation based on their sex and/or gender, as well as their disability and/or medical condition, about which PLAINTIFFS complained to  the COMPANY and DOES.

114.    As alleged herein, the COMPANY and DOES retaliated against PLAINTIFFS by, among other things, altering the terms and conditions of their employment.

115.    As a proximate result of the COMPANY and DOES' retaliation against PLAINTIFFS, PLAINTIFFS have sustained and continue to sustain substantial losses of earnings

22

COMPLAINT FOR DAMAGES

and other employment benefits, and have suffered and continue to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to their damage in a sum according to proof.

116.     PLAINTIFFS have incurred and continue to incur legal expenses and attorneys' fees. Pursuant to California Government Code section 12965(b), PLAINTIFFS are entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

117.     The COMPANY and DOES committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFFS, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of PLAINTIFFS.  PLAINTIFFS are thus entitled to punitive damages from the COMPANY and DOES in an amount according to proof.

**ELEVENTH CAUSE OF ACTION**

**Failure to Prevent, Investigate, and Remedy Harassment, Discrimination and/or Retaliation**

**Violation of FEHA, Cal. Gov't Code § 12940(k)**

**(By PLAINTIFFS Against the COMPANY and DOES)**

118.     PLAINTIFFS incorporate by reference and reallege as if fully stated herein each and every allegation set forth above.

119.     California law requires that employers take reasonable steps to prevent and correct wrongful behavior, including but not limited to, harassing, discriminatory, and retaliatory behavior in the workplace.  *See* Cal. Gov't Code §12940(k).  Pursuant to this statute, the COMPANY and DOES were required to take all reasonable steps to prevent harassment and retaliation based on PLAINTIFFS' sex and/or gender, disability and/or other protected characteristics.

120.     As alleged herein, the COMPANY and DOES violated the FEHA by failing to take all reasonable steps necessary to prevent the harassment, discrimination, and retaliation from occurring.  Cal. Gov't Code § 12940(k).

121.     As alleged herein, the COMPANY and DOES were made aware of harassment, discrimination and retaliation against PLAINTIFFS, but did not take immediate or corrective action to prevent further harassment, discrimination or retaliation against PLAINTIFFS.

122.     As a proximate result of the COMPANY and DOES' willful, knowing, and

23

COMPLAINT FOR DAMAGES

intentional failure to prevent, investigate, and remedy harassment, discrimination and retaliation against PLAINTIFFS, PLAINTIFFS have sustained and continue to sustain substantial losses of earnings and other employment benefits, and have suffered and continue to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to their damage in a sum according to proof.

123. PLAINTIFFS have incurred and continue to incur legal expenses and attorneys' fees. Pursuant to California Government Code section 12965(b), PLAINTIFFS are entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

124. The COMPANY and DOES committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFFS, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of PLAINTIFFS. PLAINTIFFS are thus entitled to punitive damages from the COMPANY and DOES in an amount according to proof.

## TWELFTH CAUSE OF ACTION

### Whistleblower Retaliation

### Violation of Cal. Lab. Code § 1102.5

### (By PLAINTIFFS Against the COMPANY and DOES)

125. PLAINTIFFS incorporate by reference and reallege as if fully stated herein each and every allegation set forth above.

126. At all relevant times, California Labor Code section 1102.5 was in effect and was binding on the COMPANY and DOES. Section 1102.5 states, "An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information… if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation…." Cal. Lab. Code § 1102.5(b).

127. California Labor Code section 1102.5(c) also states that "[a]n employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or

1  noncompliance with a local, state, or federal rule or regulation." Cal. Lab. Code § 1102.5(c).

2      128.    At all relevant times, an employer is responsible for the acts of its managers, officers,

3  agents, and employees. *See* Cal. Lab. Code § 1104.

4      129.    As alleged herein and above, PLAINTIFFS engaged in activity protected by the

5  California Labor Code when, among other things, PLAINTIFFS opposed harassment, discrimination

6  and retaliation against them in the workplace, as well as NELSON's potential drinking of alcohol

7  while on duty, which endangered the lives of hundreds of passengers and fellow crew members.  In

8  response, the COMPANY and DOES retaliated against PLAINTIFFS by changing the terms and

9  conditions of their employment, as alleged herein.

10      130.    As a proximate result of the COMPANY and DOES' willful, knowing, and

11  intentional retaliation against PLAINTIFFS, have sustained and continue to sustain substantial losses

12  of earnings and other employment benefits, and have suffered and continue to suffer humiliation,

13  emotional distress, and mental and physical pain and anguish, all to their damage in a sum according

14  to proof.

15      131.    The COMPANY and DOES committed the acts herein despicably, maliciously,

16  fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFFS, from an

17  improper and evil motive amounting to malice, and in conscious disregard of the rights of

18  PLAINTIFFS.  PLAINTIFFS are thus entitled to punitive damages from the COMPANY and DOES

19  in an amount according to proof.

20                          **THIRTEENTH CAUSE OF ACTION**

21                              **Whistleblower Retaliation**

22                          **Violation of Cal. Lab. Code § 6310**

23                      **(By PLAINTIFFS Against the COMPANY and DOES)**

24      132.    PLAINTIFFS incorporate by reference and reallege as if fully stated herein each and

25  every allegation set forth above.

26      133.    At all relevant times, California Labor Code section 6310 was in effect and was

27  binding on the COMPANY.  Section 6310 prohibits employers from discharging, or in any manner

28  discriminating against an individual in the terms and conditions of her employment "because the

employee has made a bona fide oral or written complaint to… his or her employer… of unsafe working conditions, or work practices, in his or her employment or place of employment…"  Cal. Lab. Code § 6310(b).

134.   As alleged herein and above, PLAINTIFFS engaged in activity protected by the California Labor Code when PLAINTIFFS complained to the COMPANY and DOES of unsafe working conditions caused by the harassment, assault, and battery they experienced, in addition to NELSON's potential drinking of alcohol while on duty, which jeopardized the safety of the COMPANY's employees.  In response, the COMPANY and DOES retaliated against PLAINTIFFS by changing the terms and conditions of her employment, as alleged herein.

135.   As a proximate result of the COMPANY and DOES' willful, knowing, and intentional retaliation against PLAINTIFFS, PLAINTIFFS have sustained and continue to sustain substantial losses of earnings and other employment benefits, and have suffered and continue to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to their damage in a sum according to proof.

136.   The COMPANY and DOES committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFFS, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of PLAINTIFFS.  PLAINTIFFS are thus entitled to punitive damages from the COMPANY and DOES in an amount according to proof.

**FOURTEENTH CAUSE OF ACTION**

**Intentional Infliction of Emotional Distress**

**(By PLAINTIFFS Against ALL DEFENDANTS)**

137.   PLAINTIFFS incorporate by reference and reallege as if fully stated herein each and every allegation set forth above.

138.   A person intentionally inflicts emotional distress when he/she engages in extreme and outrageous conduct with either: (1) an intent to cause emotional distress; or (2) reckless disregard of the probability of causing emotional distress, and actually does cause severe emotional suffering. *See Hughes v. Pair*, 46 Cal.4th 1035, 1050 (2009).

26

COMPLAINT FOR DAMAGES

139.   DEFENDANTS owed PLAINTIFFS a duty of care not to cause PLAINTIFFS emotional distress.

140.   As alleged herein and above, DEFENDANTS engaged in unlawful behavior in relation to PLAINTIFFS that

caused PLAINTIFFS severe and extreme emotional distress that exceeded the normal risks of the employment relationship.

141.   DEFENDANTS were aware that treating PLAINTIFFS in the manner alleged above would cause PLAINTIFFS extreme hardship.

142.   DEFENDANTS breached their duty to PLAINTIFFS by way of their own conduct, as alleged herein and above.

143.   Such acts of DEFENDANTS were intentional, extreme, and outrageous, and were done with the intent to cause serious emotional distress or with reckless disregard of the probability of causing PLAINTIFFS serious emotional distress.

144.   As a proximate result of DEFENDANTS' extreme and outrageous conduct, PLAINTIFFS have suffered and continue to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to their damage in a sum according to proof.

145.   DEFENDANTS committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFFS, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of PLAINTIFFS.  PLAINTIFFS are thus entitled to punitive damages from DEFENDANTS in an amount according to proof.

## FIFTEENTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

### (By PLAINTIFFS Against ALL DEFENDANTS)

146.   PLAINTIFFS incorporate by reference and reallege as if fully stated herein each and every allegation set forth above.

147.   DEFENDANTS owed PLAINTIFFS a duty of care not to cause PLAINTIFFS emotional distress.

148.   As alleged herein and above, DEFENDANTS breached their duty to PLAINTIFFS

27

by way of their own conduct, as alleged herein and above.

149.    DEFENDANTS knew, or should have known, that treating PLAINTIFFS in the manner alleged above would cause PLAINTIFFS extreme hardship.

150.    As a proximate result of DEFENDANTS' negligent conduct, PLAINTIFFS have suffered and continue to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to their damage in a sum according to proof.

**SIXTEENTH CAUSE OF ACTION**

**Negligent Retention/Supervision**

**(By PLAINTIFFS Against the COMPANY and DOES)**

151.    PLAINTIFFS incorporate by reference and reallege as if fully stated herein each and every allegation set forth above.

152.    California law makes an employer liable for an employee's negligence, recklessness or intentional wrongful acts when the employer knew or should have known that the employee was a risk to others. *Doe v. Capital Cities*, 50 Cal. App. 4th 1038 (1996).

153.    Pursuant to California law, "An employer may be liable to a third person for the employer's negligence in hiring or retaining an employee who is incompetent or unfit.'" *Roman Catholic Bishop v. Superior Court*, 42 Cal. App. 4th 1556, 1564-1565 (1996).   The Restatement (Second) of Agency section 213, provides in pertinent part, that "[a] person conducting an activity through servants or agents is subject to liability for harm resulting from his conduct if he is negligent or reckless: … (b) in the employment of improper persons or instrumentalities in work involving risk of harm to others…"  *Id*.; *see also*, *Evan F. v. Hughson United Methodist Church*, 8 Cal. App. 4th 828, 836 (1992); *Delfino v. Agilent Technologies, Inc.,* 145 Cal. App. 4th 790, 815 (2006).

154.    The COMPANY and DOES had a duty to protect PLAINTIFFS from NELSON's tortious conduct, as alleged above.  The COMPANY and DOES had knowledge of NELSON's past misconduct that made him unfit for his position, including that other pilots had placed him on their "no-fly list," but took no action in response.  Instead, the COMPANY and DOES retained his employment, thereby ratifying his conduct, with a conscious disregard of PLAINTIFFS' rights and safety.  The COMPANY and DOES are therefore liable for the deleterious consequences of

28

COMPLAINT FOR DAMAGES

NELSON's wrongful conduct.  Moreover, NELSON was responsible to the COMPANY and DOES, which did not monitor his activities, and such failure to supervise NELSON's activities is negligence *per se*.

155.    As a proximate result of the COMPANY and DOES' tortious conduct, PLAINTIFFS have sustained and continue to sustain substantial losses of earnings and other employment benefits, and have suffered and continue to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to their damage in a sum according to proof.

### SEVENTEENTH CAUSE OF ACTION

**Failure to Reimburse Business Expenses**

**Violation of Cal. Lab. Code § 2802**

**(By PLAINTIFFS Against the COMPANY and DOES)**

156.    PLAINTIFFS incorporate by reference and reallege as if fully stated herein each and every allegation set forth above.

157.    At all relevant times herein, California Labor Code section 2802 requires an employer to indemnify an employee "for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties…." Cal. Lab. Code § 2802(a).  This includes costs associated with the use of personal cell phones for work-related purposes.

158.    As alleged herein, PLAINTIFFS incurred necessary business-related expenses and costs that were not reimbursed by the COMPANY and/or DOES, including, costs for mileage and parking to meet with the COMPANY's Human Resources representative following PLAINTIFFS' complaint about NELSON's assault, battery, and harassment.  In violation of Labor Code section 2802, the COMPANY and DOES failed to reimburse PLAINTIFFS for these necessary expenses incurred for the COMPANY and/or DOES' business.

159.    PLAINTIFFS have been damaged in an amount according to proof at trial, and seek all reimbursements owed, interest, attorneys' fees, expenses, and costs of suit.

160.    As a proximate result of the COMPANY and DOES' tortious conduct, PLAINTIFFS have sustained and continue to sustain substantial losses of earnings and other employment benefits, and have suffered and continue to suffer humiliation, emotional distress, and mental and physical

pain and anguish, all to their damage in a sum according to proof.

## EIGHTEENTH CAUSE OF ACTION

### Violation of Ralph Act

### Violation of Cal. Civ. Code section 51.7

### (By PLAINTIFFS Against the COMPANY and DOES)

161.   PLAINTIFFS incorporate by reference and reallege as if fully stated herein each and every allegation set forth above.

162.   California Civil Code section 51.7(b) entitles individuals "to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of … any characteristic listed or defined in subdivision (b) or (e) of Section 51," including sex/gender.

163.   Pursuant to California Civil Code section 52(b), "[w]hoever denies the right provided by Section 51.7 or 51.9, or aids, incites, or conspires in that denial, is liable for each and every offense for the actual damages suffered by any person denied that right and, in addition, the following:" (1) punitive damages; (2) a civil penalty of $25,000 to the person denied the right; and (3) attorneys' fees.

164.   As set forth in the allegations above, DEFENDANTS committed acts of violence against PLAINTIFFS because of their sex/gender, as NELSON, an AGENT of THE COMPANY and DOES, committed violent acts against each of PLAINTIFFS, which were substantially motivated by PLAINTIFFS' sex/gender.

165.   As set forth in the allegations above, PLAINTIFFS were harmed by this misconduct, which was a substantial factor in causing PLAINTIFFS ongoing harm.

166.   As a result of DEFENDANTS' conduct, each of PLAINTIFFS has sustained and continues to sustain substantial losses of earnings and other employment benefits, and each has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to their damage in a sum according to proof.

167.   As a result of DEFENDANTS' conduct, PLAINTIFFS are also each entitled to a civil penalty in the amount of $25,000, punitive damages, and attorneys' fees, in sums according to proof.

**PRAYER FOR RELIEF**

Wherefore PLAINTIFFS JANETTE BECKMAN and LEEANNE HANSEN respectfully pray for judgment and relief against DEFENDANTS AMERICAN AIRLINES GROUP INC., AMERICAN AIRLINES, INC., SIGSBEE "JOHN" NELSON, TIM MCCANN, CAMERON BINION, and DOES 1 through 25, inclusive, and each of them, as follows:

1.     For compensatory damages, including but not limited to lost past and future wages, emotional distress damages, and damages for injury and medical expenses, in an amount to be ascertained at trial;

2.     For civil penalties in the amount of $25,000 for each PLAINTIFF, pursuant to California Civil Code section 52(b);

3.     For punitive damages in an amount sufficient to punish or make an example of DEFENDANTS pursuant to California Civil Code sections 52 and 3294, and all other applicable statutes;

4.     For reimbursement of necessary business expenses PLAINTIFFS have incurred;

5.     For all available injunctive, equitable and other relief, including remedies authorized by California Government Code section 12965(c);

6.     For "affirmative relief" as defined in California Government Code section 12926(a);

7.     For interest at 10% per annum, pursuant to California Labor Code section 2802, California Civil Code sections 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

8.     For reasonable attorneys' fees and costs, including expert costs;

9.     For declaratory relief; and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

31

COMPLAINT FOR DAMAGES

10.     For such further relief that the Court may deem just and proper.

DATED:  July 2, 2020

GUNN COBLE LLP

By: _____
Catherine J. Coble
Beth A. Gunn

Attorneys for Plaintiffs
JANETTE BECKMAN and LEEANNE
HANSEN

## DEMAND FOR JURY TRIAL

PLAINTIFFS JANETTE BECKMAN and LEEANNE HANSEN hereby demand a jury trial with respect to all issues triable of right by jury.  The amount demanded exceeds $25,000.  *See* Cal. Gov't Code § 72055.

DATED:  July 2, 2020

GUNN COBLE LLP

By: _____
Beth A. Gunn
Catherine J. Coble

Attorneys for Plaintiffs
JANETTE BECKMAN and LEEANNE
HANSEN

32

COMPLAINT FOR DAMAGES

Electronically FILED by Superior Court of California, County of Los Angeles on 07/02/2020 11:46 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
20STCV25029

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:** AMERICAN AIRLINES GROUP INC., a Delaware
*(AVISO AL DEMANDADO):* corp., AMERICAN AIRLINES, INC., a Delaware
corp., SIGSBEE "JOHN" NELSON, an individual, CAMERON BINION, an
individual, TIM MCCANN, an individual and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** JANETTE BECKMAN, an individual,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* and LEANNE HANSEN, an
individual

---

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Los Angeles
111 North Hill Street
Los Angeles, California  90012

CASE NUMBER:
*(Número del Caso):*
20STCV25029

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Catherine Coble
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
GUNN COBLE LLP
101 S. 1st Street, Suite 407, BURBANK, CA 91502                    (818) 900-0695

*Sherri R. Carter Executive Officer / Clerk of Court*

DATE:                              Clerk, by                                              , Deputy
*(Fecha)*   07/02/2020            *(Secretario)*   R. Clifton              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

---

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*
Westlaw Doc & Form Builder™

Electronically FILED by Superior Court of California, County of Los Angeles on 07/30/2020 02:32 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Bolden,Deputy Clerk

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>  Catherine Coble | SBN:  223461<br>  Gunn Coble LLP<br>  101 S. 1st Street 407  Burbank, CA 91502<br><br>TELEPHONE NO.: (818) 900-0695 | FAX NO. (818) 900-0723 | E-MAIL ADDRESS *(Optional):* maggie@gunncoble.com<br>ATTORNEY FOR *(Name):* Plaintiff: Janette Beckman; LeeAnne Hansen | FOR COURT USE ONLY |

| |
|---|
| **LOS ANGELES COUNTY SUPERIOR COURT**<br>  STREET ADDRESS: 111 NORTH HILL ST.<br>  MAILING ADDRESS:<br>  CITY AND ZIP CODE: LOS ANGELES, CA 90012<br>  BRANCH NAME: CENTRAL DISTRICT |

| | |
|---|---|
| PLAINTIFF:  Janette Beckman; LeeAnne Hansen | CASE NUMBER: 20STCV25029 Dept: 15 |
| DEFENDANT:  American Airlines Group, Inc., et al. | |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>    AA |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   - a. ☑ Summons
   - b. ☑ Complaint
   - c. ☐ Alternative Dispute Resolution (ADR) package
   - d. ☑ Civil Case Cover Sheet  *(served in complex cases only)*
   - e. ☐ Cross-complaint
   - f. ☑ other *(specify documents):* Addendum,Notice of Case Assignment
3. a.  Party served *(specify name of party as shown on documents served):*
   **AMERICAN AIRLINES, INC., a Delaware corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Albert Demonte - Authorized to Accept Service**
4. Address where the party was served:  **818 W 7th St Ste 930**
   **Los Angeles, CA 90017-3476**
5. I served the party *(check proper box)*
   - a. ☑ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 7/28/2020   (2) at *(time):* 11:55 AM
   - b. ☐ **by substituted service.** On *(date):*  at  *(time):*  I left the documents listed in item 2 with or
   in the presence of *(name and title or relationship to person indicated in item 3b):*
     - (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.
     - (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.
     - (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.
     - (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20).  I mailed the documents on *(date):*  from *(city):*  **or** ☐ a declaration of mailing is attached.
     - (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

---

Page 1 of 2

Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10<br>**POS010-1/CW351237**

| PETITIONER: Janette Beckman; LeeAnne Hansen | CASE NUMBER: |
|---|---|
| RESPONDENT: American Airlines Group, Inc., et al. | 20STCV25029 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                    (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **AMERICAN AIRLINES, INC., a Delaware corporation**
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)              ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)         ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)              ☐ 415.46 (occupant)
                                        ☐ other:

7. **Person who served papers**

a. Name: **Arman Mardigian - Cal West Attorney Services, Inc**

b. Address: **1201 W. Temple Street  Los Angeles, CA 90026**

c. Telephone number: **(213) 353-9100**

d. **The fee** for service was: **$ 60.00**

e. I am:

    (1) ☐ not a registered California process server.

    (2) ☑ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑ registered California process server:
        (i) ☐ owner     ☐ employee     ☑ independent contractor.
        (ii) Registration No.: **6668**
        (iii) County: **Los Angeles**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

        Date: **7/28/2020**

        **Cal West Attorney Services, Inc**
        **1201 W. Temple Street**
        **Los Angeles, CA 90026**
        **(213) 353-9100**
        **www.calwest.info**

| **Arman Mardigian** | ► _____ |
|---|---|
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | (SIGNATURE) |

Exhibit A - Page 52