Avi Burkwitz, Esq., Bar No.: 217225
aburkwitz@pbbgbs.com
Gil Y. Burkwitz, Esq., Bar No.: 289337
gburkwitz@pbbgbs.com
Vincent Contreras, Esq., Bar No.: 340132
vcontreras@pbbgbs.com
Gayane Muradyan, Esq., Bar No.: 337436
gmuradyan@pbbgbs.com
**PETERSON, BRADFORD, BURKWITZ GREGORIO, BURKWITZ & SU, LLP**
100 North First Street, Suite 300
Burbank, California 91502
T: 818.562.5800
F: 818.562.5810

David B. Felsenthal, Esq., Bar No.: 140203
david@felsenthal-firm.com
**FELSENTHAL LAW FIRM**
1100 Glendon Ave., Suite 1500
Los Angeles, CA 90024
T: 310.432.8491

Attorneys for Plaintiffs, JANETTE BECKMAN and LEEANNE HANSEN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANETTE BECKMAN, an individual, and LEEANNE HANSEN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN AIRLINES, INC., a Delaware corporation, SIGSBEE "JOHN" NELSON, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-07410 MWF(MRWx)<br>Assigned to the Honorable:<br>Michael W. Fitzgerald<br>[Room. 5A]<br><br>**PLAINTIFFS, JANETTE BECKMAN AND LEEANNE HANSEN'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Trial Date: August 20, 2024<br>Complaint Filed: July 2, 2020 |

///

1

Pursuant to Local Rule 16-4, Plaintiffs, Janette Beckman and LeeAnne Hansen (hereinafter "Plaintiffs") hereby submit their Memorandum of Contentions of Fact and Law with respect to the jury trial set to commence on August 20, 2024, in this matter.

## CLAIMS AND DEFENSES

### A. SUMMARY OF PLAINTIFFS CLAIMS

*Claim 2:*  Plaintiff, LeeAnne Hansen's Battery claim against Defendant, Sigsbee "John" Nelson.

*Claim 3:*  Plaintiffs' Assault claim against Defendant Nelson.

*Claim 12:*  Plaintiffs' Intentional Infliction of Emotional Distress claim against Defendant Nelson.

*Claim 13:*  Plaintiffs' Negligent Infliction of Emotional Distress claim against Defendant Nelson.

### B. THE ELEMENTS REQUIRED TO ESTABLISH PLAINTIFFS' CLAIMS

*Claim 2:*  The essential elements of battery are: (1) Defendant touched Plaintiff, or caused Plaintiff to be touched, with the intent to harm or offend Plaintiff; (2) Plaintiff did not consent to the touching; (3) Plaintiff was harmed or offended by Defendant's conduct; and (4) A reasonable person in Plaintiff's position would have been offended by the touching.  *So v. Shin,* 212 Cal. App. 4th 652, 669 (2013).

*Claim 3:*  The essential elements of assault are: (1) Defendant acted with intent to cause harmful or offensive contact, or threatened to touch Plaintiff in a harmful or offensive manner; (2) Plaintiff reasonably believed she was about to be touched in a harmful or offensive manner or it reasonably appeared to Plaintiff that Defendant was about to carry out the threat; (3) Plaintiff did not consent to Defendant's conduct; (4) Plaintiff was harmed; and (5) Defendant's conduct was a substantial factor in causing Plaintiff's harm.  *So, supra* 212 Cal. App. 4th 652, 668-

669.

*Claim 12:* The essential elements of intentional infliction of emotional distress are the following: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiffs suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.' A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds of that usually tolerated in a civilized community.' And the defendant's conduct must be 'intended to inflict injury or engaged in with the realization that injury will result. *Hughes v. Pair*, 46 Cal. 4th 1035, 1050-1051 (2009).

*Claim 13:* A direct victim case is one in which the Plaintiff's claim of emotional distress is based on the violation of a duty that the Defendant owes directly to the Plaintiff. *Ragland v. U.S. Bank National Assn.* 209 Cal. App 4th 182, 205 (2012). Duty is found where the Plaintiff is a direct victim in that the emotional distress damages result from a duty owed the Plaintiff that is assumed by the Defendant or imposed on the Defendant as a matter of law or that arises out of a relationship between the two. *McMahon v. Craig*, 176 Cal. App. 4th 1502, 1510 (2009).

**C. BRIEF DESCRIPTION OF KEY EVIDENCE IN SUPPORT OF EACH CLAIM**

*Claim 2:*

1. Testimony from Plaintiffs.

2. Testimony from Defendant Nelson.

3. Testimony from American Airline Inc. employees (Peter Blandino, Jeanette Gibbs, and Bob Sipovac) who were made aware of Defendant Nelson's wrongful conduct.

///

4. Testimony from Ms. Hansen's treating providers regarding the harm she suffered from Defendant Nelson's wrongful conduct, Maris Clement, MFT, Psy. D and Michael Tramell, M.D.

5. Records from medical providers, mental healthcare providers, and therapists concerning their treatment of Ms. Hansen.

6. Section 21 Transcript of Defendant Nelson regarding Ms. Hansen's complaint.

7. Section 21 Transcript of Bob Sipovac regarding Ms. Hansen's complaint and prior sexual comments made to him by Defendant Nelson.

8. Documentary evidence of American Airlines Inc.'s investigatory file pertaining to Ms. Hansen's complaint.

9. Documentary evidence of Defendant Nelson's training modules from American Airlines Inc. for the periods of 2016-2019.

10. Documentary evidence of American Airlines Inc.'s policies on safe work environment.

11. Testimony from Lisy Fain regarding Defendant Nelson's prior assaults, battery, and similar conduct.

12. Testimony from Carolyn Nemo regarding Defendant Nelson's prior inappropriate behavior.

*Claim 3:*

1. Testimony from Plaintiffs.

2. Testimony from Defendant Nelson.

3. Testimony from American Airline Inc.'s employees (Peter Blandino, Jeanette Gibbs, and Bob Sipovac) who were made aware of Plaintiffs' complaints.

4. Testimony from Plaintiffs' treating providers regarding the harm they have suffered from Defendant Nelson's wrongful conduct, Maris Clement, MFT, Psy. D and Michael Tramell, M.D., John Hayden PhD, and Paul Corona, M.D.

5. Records from medical providers, mental healthcare providers, and

therapists concerning their treatment of Plaintiffs.

6. Section 21 Transcript of Defendant Nelson regarding Plaintiffs complaint of assault.

7. Section 21 Transcript of Bob Sipovac regarding Plaintiffs complaint of assault and prior sexual comments made to him by Defendant Nelson.

8. Documentary evidence of American Airlines Inc.'s investigatory file pertaining to Plaintiffs' complaint.

9. Documentary evidence of Defendant Nelson's training modules from American Airlines Inc. for the periods of 2016-2019.

10. Documentary evidence of American Airlines Inc.'s policies on safe work environment.

11. Testimony from Lisy Fain regarding Defendant Nelson's prior assaults, battery and similar conduct.

12. Testimony from Carolyn Nemo regarding Defendant Nelson's prior inappropriate behavior.

*Claim 12:*

1. Testimony from Plaintiffs.

2. Testimony from Defendant Nelson.

3. Testimony from American Airline Inc. employees (Peter Blandino, Jeanette Gibbs, and Bob Sipovac) who were made aware of Plaintiffs' complaints.

4. Testimony from Plaintiffs' treating providers regarding the harm they have suffered from the assault, Maris Clement, MFT, Psy. D and Michael Tramell, M.D., John Hayden PhD, and Paul Corona, M.D.

5. Records from medical providers, mental healthcare providers, and therapists concerning their treatment of Plaintiffs.

6. Section 21 Transcript of Defendant Nelson regarding Plaintiffs' complaints.

7. Section 21 Transcript of Bob Sipovac regarding Plaintiffs' complaints and

prior sexual comments that Defendant Nelson made to him.

    8. Documentary evidence of American Airlines Inc., investigatory file pertaining to Plaintiffs' complaint.

    9. Documentary evidence of Defendant Nelson's training modules from American Airlines Inc. for the periods of 2016-2019.

    10. Documentary evidence of American Airlines Inc.'s policies on safe work environment.

    11. Testimony from Lisy Fain regarding Defendant Nelson's prior assaults, battery and similar conduct.

    12. Testimony from Carolyn Nemo regarding Defendant Nelson's prior inappropriate behavior.

    13. American Airlines Inc.'s classifications and definitions of First Officers, such as Defendant Nelson.

    14. Defendant Nelson's subsequent employment records from Kalitta Charters and Wheels Up.

*Claim 13:*

    1. Testimony from Plaintiffs.

    2. Testimony from Defendant Nelson.

    3. Testimony from American Airline Inc., employees (Peter Blandino, Jeanette Gibbs, and Bob Sipovac) who were made aware of Plaintiffs' complaints.

    4. Testimony from Plaintiffs' treating providers regarding the harm they have suffered from the assault, Maris Clement, MFT, Psy. D and Michael Tramell, M.D., John Hayden PhD, and Paul Corona, M.D.

    5. Records from medical providers, mental healthcare providers, and therapists concerning their treatment of Plaintiffs.

    6. Section 21 Transcript of Defendant Nelson regarding Plaintiffs' complaints.

    7. Section 21 Transcript of Bob Sipovac regarding Plaintiffs' complaints.

**PLAINTIFFS, JANETTE BECKMAN AND LEEANNE HANSEN'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**
2:23-cv-07410 MWF(MRWx)

8. Documentary evidence of American Airlines Inc.'s investigatory file pertaining to Plaintiffs' complaints.

9. Documentary evidence of Defendant Nelson's training modules from American Airlines Inc. for the periods of 2016-2019.

10. Documentary evidence of American Airlines Inc.'s policies on safe work environment.

11. Testimony from Lisy Fain regarding Defendant Nelson's prior assaults, battery and similar conduct.

12. Testimony from Carolyn Nemo regarding Defendant Nelson's prior inappropriate behavior.

13. American Airlines Inc.'s classifications and definitions of First Officers, such as Defendant Nelson.

14. Defendant Nelson's subsequent employment records from Kalitta Charters and Wheels Up.

### D. SUMMARY STATEMENT OF DEFENDANT'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

*Counterclaims*: None.

*Affirmative Defenses*: See, Defendant Nelson's Memorandum of Contentions of Fact and Law.

### E. ELEMENTS REQUIRED TO ESTABLISH DEFENDANT'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

*Counterclaims*: None.

*Affirmative Defenses*: See, Defendant Nelson's Memorandum of Contentions of Fact and Law.

### F. BRIEF DESCRIPTION OF KEY EVIDENCE IN SUPPORT OF DEFENDANT'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

*Counterclaims*: None.

*Affirmative Defenses*: See, Defendant Nelson's Memorandum of Contentions of Fact and Law.

### G. SIMILAR STATEMENT FOR ALL THIRD PARTIES

None identified at this time.

### H. IDENTIFICATION OF ANTICIPATED EVIDENTIARY ISSUES

Plaintiffs believe the following evidence is inadmissible:

1. Any evidence or reference to Plaintiffs' former counsel and/or issues with said counsel. Such evidence is irrelevant to Plaintiffs' claims and any affirmative defense. Moreover, such evidence has zero probative value.

2. Any evidence or reference to Plaintiffs' stress as a result from bringing this lawsuit. Such evidence is irrelevant and has no probative value.

3. Any evidence or reference that a discharge letter was prepared by American Airlines Inc. regarding their investigation of Defendant Nelson's misconduct. The discharge letter was only a draft and never produced in discovery as American Airlines Inc. withheld its production pursuant to attorney work produce.

### I.  IDENTIFICATION OF ANY ISSUES OF LAW

Plaintiffs do not anticipate any issues of law at this time.

### BIFURCATION OF ISSUES

Plaintiffs only seek to bifurcate the issue of punitive damages.

### JURY TRIAL

Demand for a jury trial was timely made.

### ATTORNEY FEES

Any issue involving the reasonable attorney fees would be resolved by motion following a final jury verdict.

///

///

///

# ABANDONMENT OF ISSUES

None at this time.

DATED: July 8, 2024

**PETERSON, BRADFORD, BURKWITZ, GREGORIO, BURKWITZ & SU**

By: */s Gil Burkwitz*
Avi Burkwitz, Esq.
Gil Y. Burkwitz, Esq.
Vincent Contreras, Esq.
Gayane Muradyan, Esq.
Attorneys for Plaintiffs,
JANETTE BECKMAN and
LEEANNE HANSEN

PETERSON, BRADFORD, BURKWITZ, GREGORIO, BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

9

**PLAINTIFFS, JANETTE BECKMAN AND LEEANNE HANSEN'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**
2:23-cv-07410 MWF(MRWx)

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the action; my business address is 100 North First Street, Suite 300, Burbank, California 91502.

On July 8, 2024, I served the foregoing document described as: **PLAINTIFFS, JANETTE BECKMAN AND LEEANNE HANSEN'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED MAILING LIST**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed document(s) with the Clerk of the Court by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system. Participants in this case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐ **BY ELECTRONIC MAIL:** Based on court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address(es) below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY PERSONAL SERVICE:** I delivered such envelope by hand to the addressee.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 8, 2024, in Burbank, California.

*/s Noel Pettway*

Noel Pettway

# SERVICE LIST

**RE:** **Beckman, Janette, et al. v. American Airlines, et al.**

**Case No.:** 2:23-cv-07410 MWF(MRWx)

Mark W. Robertson, Esq.
**O'MELVENY & MYERS LLP**
7 Times Square
New York, NY 10036
T: (212) 326-2000
F: (212) 326-2061

E: mrobertson@omm.com

Kelly S. Wood, Esq.
Allison N. Bader, Esq.
Leah Godesky, Esq.
**O'MELVENY & MYERS LLP**
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
T: (949) 823 6900
F: (949) 823 6994

E: kwood@omm.com
E: abader@omm.com
E: lgodesky@omm.com

**Attorneys for Defendant,
AMERICAN AIRLINES GROUP,
INC., AMERICAN AIRLINES, INC.**

James A. Lassart, Esq.
Adrian G. Driscoll, Esq.
**Murphy, Pearson, Bradley & Feeney**
580 California Street
Suite 1100
San Francisco, CA 94104

T: (415) 788-1900
F: (415) 393-8087

E: jlassart@mpbf.com
E: adriscoll@mpbf.com
E: amontastier@mpbf.com

**Attorneys for Defendant, SIGSBEE NELSON**