Avi Burkwitz, Esq., Bar No.: 217225
aburkwitz@pbbgbs.com
Gil Y. Burkwitz, Esq., Bar No.: 289337
gburkwitz@pbbgbs.com
Vincent Contreras, Esq., Bar No.: 340132
vcontreras@pbbgbs.com
Gayane Muradyan, Esq., Bar No.: 337436
gmuradyan@pbbgbs.com
**PETERSON, BRADFORD, BURKWITZ**
**GREGORIO, BURKWITZ & SU, LLP**
100 North First Street, Suite 300
Burbank, California 91502
T: 818.562.5800
F: 818.562.5810

David B. Felsenthal, Esq., Bar No.: 140203
david@felsenthal-firm.com
**FELSENTHAL LAW FIRM**
1100 Glendon Ave., Suite 1500
Los Angeles, CA 90024
T: 310.432.8491

Attorneys for Plaintiffs, JANETTE BECKMAN and LEEANNE HANSEN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANETTE BECKMAN, an individual, and LEEANNE HANSEN, an individual,<br><br>           Plaintiffs,<br><br>    v.<br><br>AMERICAN AIRLINES, INC., a Delaware corporation, SIGSBEE "JOHN" NELSON, and DOES 1 through 50, inclusive,<br><br>           Defendants. | Case No.: 2:23-cv-07410 MWF(MRWx)<br>Assigned to the Honorable:<br>Michael W. Fitzgerald<br>[Room. 5A]<br><br>**FINAL PRETRIAL CONFERENCE ORDER**<br><br><br><br><br><br>Trial Date:     August 20, 2024<br>Complaint Filed: July 2, 2020 |

///

1

**FINAL PRETRIAL CONFERENCE ORDER**
2:23-cv-07410 MWF(MRWx)

PETERSON, BRADFORD, BURKWITZ,
GREGORIO, BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

Following pretrial proceedings, pursuant to F.R.Civ.P. 16 and L.R. 16, IT IS ORDERED:

1.  The parties are:

Janette Beckman – Plaintiff

LeeAnne Hansen – Plaintiff

Sigsbee "John" Nelson – Defendant

2.  Federal jurisdiction and venue are invoked upon the grounds:

Plaintiffs:

The Court has original jurisdiction over this civil action because there is (a) diversity of Citizenship between the Plaintiffs and Defendants and (b) the amount in controversy exceeds $75,000.  Plaintiffs are citizens of California and Defendant Sigsbee Nelson is a citizen of Arizona and therefore not a citizen of California. Venue properly lies in the United States Central District of California, in that the events and circumstances herein alleged occurred in California.  Federal jurisdiction and venue are admitted.  The majority of witnesses are located in California, and upon any successful appeal of the dismissal of Defendant, American Airlines, Inc., from this matter, this action would need to be tried before the same District Court.

Defendant:

Initially Plaintiff filed in the Los Angeles Superior Court, the matter was removed to Federal Court, then remanded when after the Second the Amended Complaint it was finally removed again to the Central District because the Second Amended Complaint alleged causes of action triggering federal exclusive jurisdiction. The jurisdiction was ultimately established based upon exclusivity. Plaintiffs and one defendant (American Airlines) established venue in the Central District of California. Nelson always resided in Arizona. Federal jurisdiction and venue were totally reliant upon American Airlines and Plaintiffs. The federal claims were only alleged against American Airlines.

On July 8, 2024, American Airlines was completely removed from the case.

2

**FINAL PRETRIAL CONFERENCE ORDER**
2:23-cv-07410 MWF(MRWx)

PETERSON, BRADFORD, BURKWITZ, GREGORIO, BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

With its removal no federal causes of action remain, and no California venued defendant remained. The current status of the case alleges only common law torts, no federal causes of action, and no California causes of action.

Defendant Nelson is a resident of Mesa, Arizona. His residence falls within the venue of the United States District Court, District of Arizona ("USDCA"). A review of the current jurisdiction and venue status of this case reveals that this lawsuit, if it were just initiated, would be venued in the United States District Court, District of Arizona. (28 USC 1391(a)(b)(1).)

Since all the material activities of this matter occurred outside of California and the United States, an analysis of the case as it currently exists places the jurisdiction of this case within federal jurisdiction because of diversity, Plaintiffs are California residents and Nelson is an Arizona resident (28 USC 1391(a)(b)).

This action and change of status on July 8, 2024 was the first instance wherein Nelson could properly and legally act to assert venue of this case in USDCA. The Court's Summary Judgment Motion ruling narrowed the causes of action to these which are usually equated with supplemental jurisdiction. This Court's ruling eliminated all exclusive jurisdiction causes of action and allowed the jurisdiction question to be based upon diversity. And its ruling also triggered for the first time the venue question on one defendant's (Nelson's) residence. Now, diversity exists as the only ground for federal jurisdiction, Nelson (Arizona) and Plaintiffs (California).

If this case's current posture existed at the case's inception, Nelson would have had the right to claim it was mis-venued and seek removal to the USDCA. Nelson never had that legal opportunity to assert Arizona venue because of the presence of his now removed co-defendant, American Airlines. Nelson did not and could not waive venue because the Arizona venue was not available to him until July 8, 2024. Nelson now requests this Court to afford his right to venue in Arizona and allow him to move this matter to its proper venue, the USDCA.

3

3. Plaintiffs estimate trial will take 4-5 trial days; on the assumption jury selection takes one day.  Defendant believes trial will take 5-6 days.

4. The trial is to be a jury trial.

5. The following facts are admitted and require no proof:

Plaintiffs:

The parties have not stipulated to any facts.

Defendant:

None are admitted.

6. The following facts, though stipulated, shall be without prejudice to any evidentiary objection:

The parties have not stipulated any additional facts.

7. Claims and Defenses:

a) Plaintiffs:

**Claim 1:**  Plaintiff, LeeAnne Hansen's Battery claim against Defendant, Sigsbee "John" Nelson.

**Claim 2:**  Plaintiffs' Assault claim against Defendant Nelson.

**Claim 3:**  Plaintiffs' Intentional Infliction of Emotional Distress claim against Defendant Nelson.

**Claim 4:**  Plaintiffs' Negligent Infliction of Emotional Distress claim against Defendant Nelson.

b) The elements required to establish Plaintiffs' claims are:

**Claim 1**: Battery

(1) Defendant touched Plaintiff, or caused Plaintiff to be touched, with the intent to harm or offend Plaintiff; (2) Plaintiff did not consent to the touching; (3) Plaintiff was harmed or offended by Defendant's conduct; and (4) A reasonable person in Plaintiff's position would have been offended by the touching.  *So v. Shin,* 212 Cal. App. 4th 652, 669 (2013).

**Claim 2**: Assault

PETERSON, BRADFORD, BURKWITZ, GREGORIO, BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

**FINAL PRETRIAL CONFERENCE ORDER**
2:23-cv-07410 MWF(MRWx)

PETERSON, BRADFORD, BURKWITZ, GREGORIO, BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

(1) Defendant acted with intent to cause harmful or offensive contact, or threatened to touch Plaintiff in a harmful or offensive manner; (2) Plaintiff reasonably believed she was about to be touched in a harmful or offensive manner or it reasonably appeared to Plaintiff that Defendant was about to carry out the threat; (3) Plaintiff did not consent to Defendant's conduct; (4) Plaintiff was harmed; and (5) Defendant's conduct was a substantial factor in causing Plaintiff's harm. *So, supra* 212 Cal. App. 4th 652, 668-669.

*Claim 3:* Intentional Infliction of Emotional Distress

(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiffs suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.' A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds of that usually tolerated in a civilized community.' And the defendant's conduct must be 'intended to inflict injury or engaged in with the realization that injury will result. *Hughes v. Pair*, 46 Cal. 4th 1035, 1050-1051 (2009).

**Claim 4**: Negligent Infliction of Emotional Distress

A direct victim case is one in which the Plaintiff's claim of emotional distress is based on the violation of a duty that the Defendant owes directly to the Plaintiff. *Ragland v. U.S. Bank National Assn.* 209 Cal. App 4th 182, 205 (2012). Duty is found where the Plaintiff is a direct victim in that the emotional distress damages result from a duty owed the Plaintiff that is assumed by the Defendant or imposed on the Defendant as a matter of law or that arises out of a relationship between the two. *McMahon v. Craig*, 176 Cal. App. 4th 1502, 1510 (2009).

c) In brief, the key evidence Plaintiffs rely on for each of the claims is:

**Claim 1:** Plaintiffs, Janette Beckman and LeeAnne Hansen testimony at trial;

5

**FINAL PRETRIAL CONFERENCE ORDER**
2:23-cv-07410 MWF(MRWx)

Defendant Sigsbee Nelson's deposition and/or live testimony; Chief Peter Blandino's deposition and/or live testimony regarding Defendant Nelson's wrongful conduct; Jeanette Gibbs' deposition and/or live testimony regarding Defendant Nelson's wrongful conduct; Defendant Nelson's Section 21 Hearing Transcript regarding Ms. Hansen's Complaint; Section 21 Transcript of Bob Sipovac regarding Ms. Hansen's complaint and prior sexual comments made to him by Defendant Nelson; Testimony from Ms. Hansen's treating providers regarding the harm she suffered from Defendant Nelson's wrongful conduct, Maris Clement, MFT, Psy. D and Michael Tramell, M.D; Defendant Nelson's training modules from American Airlines, Inc., for periods of 2016-2019; American Airlines Inc.'s policies on safe work environment.

**Claim 2:** Plaintiffs, Janette Beckman and LeeAnne Hansen's testimony at trial; Defendant Sigsbee Nelson's deposition and/or live testimony; Chief Peter Blandino's deposition and/or live testimony regarding Defendant Nelson's wrongful conduct; Jeanette Gibbs deposition and/or live testimony regarding Defendant Nelson's wrongful conduct; Defendant Nelson's Section 21 Hearing Transcript regarding Ms. Hansen's Complaint; Section 21 Transcript of Bob Sipovac regarding Plaintiffs' complaints and prior sexual comments made to him by Defendant Nelson; Testimony from Plaintiffs' treating providers regarding the harm she suffered from Defendant Nelson's wrongful conduct, Maris Clement, MFT, Psy. D, Michael Tramell, M.D, John Hayden PhD, and Paul Corona, M.D.; Defendant Nelson's training modules from American Airlines, Inc., for periods of 2016-2019; American Airlines Inc.'s policies on safe work environment; live testimony from Carolyn Nemo regarding prior Defendant Nelson's prior inappropriate behaviors.

**Claim 3**: Plaintiffs, Janette Beckman and LeeAnne Hansen testimony at trial; Defendant, Sigsbee Nelson's deposition and/or live testimony; Chief Peter Blandino's deposition and/or live testimony regarding Defendant Nelson's wrongful conduct; Jeanette Gibbs' deposition and/or live testimony regarding Defendant

PETERSON, BRADFORD, BURKWITZ,
GREGORIO, BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

6

**FINAL PRETRIAL CONFERENCE ORDER**
2:23-cv-07410 MWF(MRWx)

PETERSON, BRADFORD, BURKWITZ,
GREGORIO, BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

Nelson's wrongful conduct; Defendant Nelson's Section 21 Hearing Transcript regarding Ms. Hansen's Complaint; Section 21 Transcript of Bob Sipovac regarding Plaintiffs' complaints and prior sexual comments made to him by Defendant Nelson; Testimony from Plaintiffs' treating providers regarding the harm she suffered from Defendant Nelson's wrongful conduct, Maris Clement, MFT, Psy. D, Michael Tramell, M.D, John Hayden PhD, and Paul Corona, M.D.; Defendant Nelson's training modules from American Airlines, Inc., for periods of 2016-2019; American Airlines Inc.'s policies on safe work environment; live testimony from Carolyn Nemo regarding prior Defendant Nelson's prior inappropriate behaviors.

**Claim 4**: Plaintiffs, Janette Beckman and LeeAnne Hansen's testimony at trial; Defendant Sigsbee Nelson's deposition and/or live testimony; Chief Peter Blandino deposition and/or live testimony regarding Defendant Nelson's wrongful conduct; Jeanette Gibbs deposition and/or live testimony regarding Defendant Nelson's wrongful conduct; Defendant Nelson's Section 21 Hearing Transcript regarding Ms. Hansen's Complaint; Section 21 Transcript of Bob Sipovac regarding Plaintiffs' complaints and prior sexual comments made to him by Defendant Nelson; Testimony from Plaintiffs' treating providers regarding the harm she suffered from Defendant Nelson's wrongful conduct, Maris Clement, MFT, Psy. D, Michael Tramell, M.D, John Hayden PhD, and Paul Corona, M.D.; Defendant Nelson's training modules from American Airlines, Inc., for periods of 2016-2019; American Airlines Inc.'s policies on safe work environment; live testimony from Carolyn Nemo regarding prior Defendant Nelson's prior inappropriate behaviors.

Defendant:

a) Affirmative Defenses

Defendant plans to pursue the following counterclaims and affirmative defenses:

Affirmative Defense 1: Workers' Compensation is the exclusive remedy for Plaintiffs' claims (injury by fellow employee)

**FINAL PRETRIAL CONFERENCE ORDER**
2:23-cv-07410 MWF(MRWx)

Affirmative Defense 2:  Plaintiffs' failure to mitigate their damages

Affirmative Defense 3: Damages and apportionment of damages caused by former defendant American Airlines.

b) The elements required to establish Defendant's counterclaims and affirmative defenses are:

Affirmative Defense 1: Both Plaintiffs and Defendant Nelson were all employees of American Airlines; American Airlines maintained Workers' Compensation insurance at the time of Plaintiffs' injuries; and the actions allege by Plaintiffs occurred in the course and scope of the parties' employment.

Affirmative Defense 2: Plaintiffs failed to make reasonable efforts to mitigate their alleged loss of income.

Affirmative Defense 3: Nelson must show that former Defendant American Airlines was at fault and that its fault was a substantial factor in causing Plaintiffs' harm.

c) The elements required to establish Defendant's affirmative defenses are: In brief, the key evidence Defendant's rely on for each of affirmative defense is:

Affirmative Defense 1: Testimony of Plaintiffs and Defendant Nelson; Plaintiffs' Second Amended Complaint; Plaintiffs' Requests for Dismissal of Workers' Compensation Cases Nos. ADJ12113311 and ADJ12112578.

Affirmative Defense 2: Testimony of Plaintiffs; testimony of American Airlines employees Captain Bob Sipovac, Jeanette Gibbs, and Peter Blandino; Plaintiffs' pay records.

Affirmative Defense 3: testimony of Plaintiffs; testimony of American Airlines employees Captain Bob Sipovac, Jeanette Gibbs, and Peter Blandino; Plaintiffs' dismissals of Workers Compensation Cases Nos. ADJ12113311 and ADJ12112578.

Third Party Plaintiffs and Defendants:

None.

**FINAL PRETRIAL CONFERENCE ORDER**
2:23-cv-07410 MWF(MRWx)

PETERSON, BRADFORD, BURKWITZ, GREGORIO, BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

PETERSON, BRADFORD, BURKWITZ,
GREGORIO, BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

8. None anticipated at this time.

9. All discovery is complete.

10. All disclosures under F.R.Civ.P. 26(a)(3) have been made.   The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1.  Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except those exhibits listed below:

Plaintiffs object to Exhibit Nos.  54-59.

Defendant Objects to Exhibit Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 30 and 31.

The objections and grounds therefor are:

| Exhibit No. | Ground for Objection |
| --- | --- |
| 1 | Hearsay; Lacks Foundation; Evidence Code §403 |
| 2 | Hearsay; Lacks Foundation; Evidence Code §403 |
| 3 | Hearsay; Evidence Code §403 |
| 4 | Hearsay; Lacks Foundation; Evidence Code §403 |
| 5 | Irrelevant; Evidence Code §403 |
| 6 | Irrelevant; Evidence Code §403 |
| 7 | Hearsay; Lacks Foundation; Evidence Code §403 |
| 8 | Hearsay; Irrelevant |
| 9 | Hearsay; Irrelevant |
| 11 | Hearsay; Irrelevant |
| 12 | Hearsay; Irrelevant |
| 13 | Hearsay; Irrelevant |
| 14 | Hearsay; Lacks Foundation |
| 15 | Hearsay; Lacks Foundation |
| 16 | Hearsay; Lacks Foundation |
| 17 | Hearsay; Lacks Foundation |

**FINAL PRETRIAL CONFERENCE ORDER**
2:23-cv-07410 MWF(MRWx)

| 18 | Hearsay; Lacks Foundation |
| 19 | Hearsay; Lacks Foundation |
| 20 | Hearsay; Lacks Foundation |
| 21 | Hearsay; Lacks Foundation |
| 22 | Hearsay; Lacks Foundation |
| 23 | Hearsay |
| 24 | Hearsay |
| 30 | Never disclosed in discovery |
| 31 | Hearsay; Irrelevant |

11. Witness lists of the parties have been filed with the Court. Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment). Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with L.R. 16-2.7. For this purpose, the following depositions shall be lodged with the Clerk as required by L.R. 32-1:

Plaintiffs:

Lisy Fain

Bob Sipovac

Defendant (list of transcripts):

Janette Beckman

LeeAnne Hansen

Sigsbee Nelson

Peter Blandino

Bob Sipovac

John Hayden, M.D.

Maris Clement, Psy. D.

PETERSON, BRADFORD, BURKWITZ, GREGORIO, BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

10

**FINAL PRETRIAL CONFERENCE ORDER**
2:23-cv-07410 MWF(MRWx)

Michael Tramell, M.D.

Paul Corona, M.D.

Jeanette Gibbs

Steve Schwartz

Defendant objects to the presentation of testimony by deposition of the following witnesses (except for impeachment or refreshing of recollection): Lizzie Fain, John Hayden, M.D., Maris Clement, Psy. D., Michael Tramell, M.D., Paul Corona, M.D., Jeanette Gibbs, Steve Schwartz.

Defendant reserves the right to object to any proposed deposition testimony that Plaintiffs intend to submit into evidence.

12. The following law and motion matters and motions in limine, and no others, are pending or contemplated:

    1) <u>Plaintiffs</u>:

a) Plaintiffs' Motion in Limine # 1 to exclude any evidence regarding Plaintiffs former counsel and litigation stress;

b) Plaintiffs' Motion in Limine # 2 to exclude any evidence of wrongdoing by American Airlines Inc.  (Objection – Defendant has never seen this In Limine Motion.)

    2) <u>Defendant</u>:

a) Defendant's Motion in Limine # 1 to exclude testimony by non-party Eilzabeth Fain;

b) Defendant's Motion in Limine # 2 to exclude evidence of certain cockpit conversations between Defendant Nelson and Bob Sipovac;

c) Defendant's Motion in Limine # 3 to exclude the term "sexual harassment";

d) Defendant's Motion in Limine # 4 to exclude Plaintiff Janette Beckman as a victim of common law assault;

e) Defendant's Motion in Limine # 5 to exclude any reference of Negligent

PETERSON, BRADFORD, BURKWITZ,<br>GREGORIO, BURKWITZ & SU, LLP<br>100 North First Street, Suite 300<br>Burbank, California 91502<br>Telephone 818.562.5800

11

**FINAL PRETRIAL CONFERENCE ORDER**
2:23-cv-07410 MWF(MRWx)

Infliction of Emotional Distress upon Plaintiff, Janette Beckman;

13. Bifurcation of the following issues for trial is ordered.

Bifurcation of Punitive Damages.

14. The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

Dated:   September 16                , 2024.

_____
MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

Approved as to form and content.

*/s/ Vincent Contreras*
_____

Attorney for Plaintiffs

*/s/ James A. Lassart*
_____

Attorney for Defendant

PETERSON, BRADFORD, BURKWITZ, GREGORIO, BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

12

**FINAL PRETRIAL CONFERENCE ORDER**
2:23-cv-07410 MWF(MRWx)

**PETERSON, BRADFORD, BURKWITZ, GREGORIO, BURKWITZ & SU, LLP**
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 100 North First Street, Suite 300, Burbank, California 91502.

On July 15, 2024, I served the foregoing document described as:
**FINAL PRETRIAL CONFERENCE ORDER**

on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED MAILING LIST**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed document(s) with the Clerk of the Court by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system. Participants in this case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐ **BY ELECTRONIC MAIL:**  Based on court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address(s) below.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY PERSONAL SERVICE:**  I delivered such envelope by hand to the addressee.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 15, 2024, in Burbank, California.

*/s/ Noel Pettway*

Noel Pettway

13

**FINAL PRETRIAL CONFERENCE ORDER**
2:23-cv-07410 MWF(MRWx)

## SERVICE LIST

**RE:**    **Beckman, Janette, et al. v. American Airlines, et al.**

  **Case No.:**    2:23-cv-07410 MWF(MRWx)

Mark W. Robertson, Esq.
**O'MELVENY & MYERS LLP**
7 Times Square
New York, NY 10036
T: (212) 326-2000
F: (212) 326-2061

E: mrobertson@omm.com

Kelly S. Wood, Esq.
Allison N. Bader, Esq.
Leah Godesky, Esq.
**O'MELVENY & MYERS LLP**
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
T: (949) 823 6900
F: (949) 823 6994

E: kwood@omm.com
E: abader@omm.com
E: lgodesky@omm.com

**Attorneys for Defendant,**
**AMERICAN AIRLINES GROUP,**
**INC., AMERICAN AIRLINES, INC.**

James A. Lassart, Esq.
Adrian G. Driscoll, Esq.
**Murphy, Pearson, Bradley & Feeney**
580 California Street
Suite 1100
San Francisco, CA 94104

T: (415) 788-1900
F: (415) 393-8087

E: jlassart@mpbf.com
E: adriscoll@mpbf.com
E: amontastier@mpbf.com

**Attorneys for Defendant, SIGSBEE**
**NELSON**

PETERSON, BRADFORD, BURKWITZ, GREGORIO, BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

14

**FINAL PRETRIAL CONFERENCE ORDER**
2:23-cv-07410 MWF(MRWx)